**Abatement Order filed May 29, 2014**



## In The

# Fourteenth Court of Appeals

_____

### NO. 14-14-00216-CV
_____

### HARVELLA JONES, Appellant

### V.

### THI "NINA" TRAN, JAMES H. LEELAND, MARC D. MARKEL, CLAYTON R. HEARN, AMY M. VANHOOSE, DAWN S. HOLIDAY, CLINTON FAVER BROWN AND ROBERTS MARKEL WEINBERG BUTLER HAILEY, PC AKA ROBERTS MARKEL WEINBERG PC AKA ROBERTS MARKEL PC, Appellees

**On Appeal from the County Court at Law No 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-CCV-052079**

## ABATEMENT ORDER

This appeal is from an order signed March 12, 2014, declaring appellant a vexatious litigant. Appellant filed a notice of appeal on March 13, 2014. Appellant filed an affidavit of indigence in this court. See Tex. R. App. P. 20.1(h). In accordance with Rule 20.1(d) (2), notice was sent to the trial court clerk, the

court reporter, and all parties, that a contest to the affidavit of indigence was due in the court on or before May 13, 2014. Appellees filed a contest to appellant's affidavit of indigence on May 13, 2014.

The Rules of Appellate Procedure permit appellant to file an affidavit of indigence in the appellate court. If the affidavit is filed in an appellate court, and a contest is filed, the court may refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief. Tex. R. App. P. 20.1(h)(4).

Accordingly, we refer the matter to the trial court and ORDER the trial court to hold a hearing and make written findings as to whether appellant is entitled to proceed without payment of costs.

The court reporter shall file a reporter's record from the hearing and any exhibits admitted at the hearing on the contest to appellant's claim of indigence. The record of the hearing and the trial court's written findings shall be filed with the clerk of this court on or before 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's ruling on indigence has been completed. The court will also consider an appropriate motion to reinstate the appeal filed by any party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM